UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:18-CV-515-GFVT-EBA

JASON AVIS,                                                                                          PETITIONER,

V.                                    **RECOMMENDED DISPOSITION**

BRAD ADAMS, *Warden*,
*Northpoint Training Center*,                                                              RESPONDENT.

*** *** *** ***

## I. INTRODUCTION

On September 7, 2010 Jason Avis (a state inmate) was sentenced to seven years imprisonment in the Hardin County Circuit Court for intimidating a witness and being a persistent felony offender in the second degree. DE #1 (Motion). He challenges his conviction claiming that his due process and equal protection rights were violated by the state courts' arbitrary decisions, and that he received ineffective assistance of counsel prior to the entry of his guilty plea. Specifically, he argues: first, that the state courts failed to properly consider his motion to vacate under Kentucky Rule of Civil Procedure 60.02, and improperly denied it upon a finding of procedural default; second, that he is actually innocent of the crimes of conviction as his guilty plea was entered into on the basis of false or perjured testimony; and finally, that his counsel was ineffective for advising him to enter a guilty plea in his case. The Commonwealth argues that his claims are barred as: (1) untimely; (2) waived; (3) procedurally defaulted; and (4) because the trial court did not abuse its discretion. DE #13

(Response). For the reasons that follow, the undersigned **RECOMMENDS** that the District Judge **DENY** Avis' § 2254 motion (DE #1) with prejudice.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 7, 2010, the Hardin Circuit Court sentenced Avis to seven years imprisonment after he was convicted of intimidating a witness and Second degree persistent felony offender. *Id.* at 9-12. On August 4, 2014, Avis filed a motion pursuant to Kentucky Rule of Civil Procedure CR 60.02, 61.02, and Kentucky Rules of Criminal Procedure 10.26, to vacate his sentence claiming substantial error by the Court, arguing that his guilty plea was the product of unlawful coercion by the prosecutor in his case. *Id.* at 20-27. On August 11, 2014, the trial court denied his motion as untimely. *Id.* at 28-32. Several months later, on March 12, 2015, Avis appealed the trial court's decision to the Kentucky Court of Appeals. *Id.* at 33-55. On January 22, 2016, the Kentucky Court of Appeals affirmed the trial court's decision. *Id.* at 62. Avis did not, however, seek discretionary review by the Kentucky Supreme Court. Two years later, on August 8, 2018,[1] Avis filed this § 2254 petition for relief, arguing that he is actually innocent of the crimes for which he was convicted, and that the state courts unlawfully denied his 60.02 motion.

## III. ANALYSIS

Avis' claims are: first, that the state courts failed to consider his 60.02 motion, improperly denying it upon a finding of procedural default; second, that he is actually

---

[1] Two years, six months, and seventeen days after the Kentucky Court of Appeals decision, and nearly eight years after his sentencing.

innocent of the crimes of conviction as his guilty plea was entered into on the basis of false or perjured testimony; and finally, that his counsel was ineffective for advising him to enter a guilty plea in his case. As addressed below, his arguments provide no grounds for relief.

### A. Timeliness

The Respondent contends that Avis' petition is time-barred. DE #13 at 10. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) subjects the present petition under § 2254 to a one-year limitations period. For purposes of this opinion, the applicable provision states that the period within which to file a petition seeking relief begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1)(A).

In this case, Avis was sentenced by the court on on September 7, 2010. *See* DE ## 1-6; 13-1 at 9-16. The Supreme Court has held that a "final judgment" under §2244(d)(1)(A) is indeed a sentence, "the sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007); *see also Berman v. United States*, 302 U.S. 211, 212 (1937). From the date of sentencing, Avis had 30-days in which to file an appeal. *See King*, 2014 WL 1159630, at *5 (citing Ky. R. Crim. P. (RCr.) 12.04(3)). Therefore, because the statute provides that the limitations period begins to run from the latest of either the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review, Avis' time to file the present petition began on October 7, 2010, and expired on October 7, 2011. Therefore, his filing on August 8, 2018, is more than six years too late.

Having determined when the statute of limitations properly expired, one must consider whether Avis' 60.02 motion resulted in the time being tolled. Although the instant petition was filed outside of the time authorized by the controlling statute of limitations, Avis contends that the state court below improperly denied his motion to vacate his sentence, filed under Kentucky Rule of Civil Procedure 60.02. Generally speaking, under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitations contained in the statute. However, where a postconviction relief petition is untimely filed under state law, it does not toll the statute of limitations, despite any exceptions to the timely filing requirement that might exist under the state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

In this case, the state courts found that Avis' CR 60.02 motion was not timely filed, nor was it properly supported by affidavits. *See* DE #13-1 at 30. As a result, there is no basis on which to find that the one-year time within which to file the instant petition for relief under 28 U.S.C. § 2254 was tolled while his 60.02 motion was pending. Therefore, the time for Avis to file the instant motion expired on October 7, 2011.

### B. Actual Innocence

Finally, although untimely, Avis may be able to maintain the present petition on the claim that he is, in fact, actually innocent. Under *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), a showing of actual innocence will toll the limitations period established in 28 U.S.C. §§ 2244(d)(1) and 2255. *Id.* at 597 n.12. Therefore, "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have

found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through [AEDPA's] gateway and argue the merits of his underlying constitutional claims." *Id.* at 602.

However, this exception requires Avis to present new evidence that demonstrates factual innocence, i.e., that the petitioner "did not commit the acts forming the basis for his conviction." *Ross v.Berghuis*, 417 F.3d 552, 555-56 (6th Cir. 2005). In this case, Avis presents no new evidence to demonstrate that he is factually innocent of the charges to which he plead guilty. As a result, and without such a showing, there is no basis to find that the statute of limitations does not act as a bar to his petition.

## IV. CONCLUSION

Although pro se pleadings by a petitioner are held to a less stringent standard than those drafted by attorneys, there can be no doubt that the claims presented before us fail to offer Avis any opportunity for habeas relief. As such, for the reasons stated herein, it is **RECOMMENDED** that Avis's Motion to Vacate, (DE #1), be **DENIED WITH PREJUDICE**.

\* \* \* \* \*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another

party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 4th day of June 2019.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge