UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JASON AVIS, | ) | |
| | ) | |
| Petitioner, | ) | 5:18-cv-00515-GFVT-EBA |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BRAD ADAMS, WARDEN, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Edward B. Atkins. [R. 18.] Petitioner Jason Avis filed a *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254. [R. 1.] Consistent with local practice, Judge Atkins reviewed the petition and ultimately recommends that the Court deny Mr. Avis's Petition in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Petitioner Adams filed timely objections on June 20, 2019. [R. 19.] The Court acknowledges its duty to review Mr. Avis's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, the objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Avis's objections will be **OVERRULED**, and Judge Atkins's Recommendation will be **ADOPTED**.

**I**

Judge Atkins's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins's discussion of the record in this Order.

Jason Avis was convicted of intimidating a witness and became, under Kentucky law, a second degree persistent felony offender in Hardin Circuit Court. [R. 1 at 9–12.] The court sentenced him to seven years imprisonment on September 7, 2010. *Id*. Nearly four years later, on August 4, 2014, he filed a motion in Kentucky court to vacate his sentence, arguing his guilty plea was unlawfully coerced by the prosecutor. *Id*. at 20–27. The trial court denied this motion on August 11, 2014, made pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 and 61.02 and Kentucky Rule of Criminal Procedure 10.26, as untimely. *Id*. at 28–32. The Kentucky Court of Appeals affirmed the trial court on January 22, 2016, and Mr. Avis did not seek review

by the Kentucky Supreme Court. *Id*. at 62. Instead, on August 8, 2018, nearly eight years after his sentencing, Mr. Avis filed this § 2254 petition, claiming actual innocence and that the Kentucky court unlawfully denied his 60.02 motion.

## II

### A

Judge Atkins found that his petition was time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). [R. 18 at 3.] A defendant has one year from the date on which the judgment becomes final, either after direct review has completed or after the expiration of time to seek review, by which to file a petition under § 2254. 28 U.S.C. § 2244(d)(1)(A). Mr. Avis had thirty days by which to file an appeal from his sentence, giving him until October 7, 2010. Ky. R. Crim. P. 12.04(3). He did not file an appeal during that time, and thus, his judgment became final on that date. 28 U.S.C. § 2244(d)(1)(A). His time to file a § 2254 petition expired on October 7, 2011. *Id*. This petition, filed August 8, 2018, was filed more than six years too late.

Furthermore, Judge Atkins found that his CR 60.02 motion to the Kentucky trial court did not toll the statute of limitations. [R. 18 at 4.] Here, the Kentucky courts determined that his 60.02 motion was untimely, and therefore, there is no basis to find that this motion tolled the limitations period for his § 2254 petition.

Finally, Judge Atkins also recommended denying Mr. Avis's petition on the asserted grounds of actual innocence. *Id*. If a § 2254 petition is otherwise time-barred, a petitioner can still succeed if he is able to demonstrate that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Souter v. Jones*, 395 F.3d 577, 602

(6th Cir. 2005). Judge Atkins found that Mr. Avis did not present sufficient evidence to show actual innocence. [R. 18 at 5.]

**B**

Mr. Avis objects to Judge Atkins's Recommendation, arguing, "The actual innocence exception does not require Petitioner to present new evidence that demonstrates factual innocence." [R. 19 at 1.] Mr. Avis was convicted after his wife, Kathryn Avis, filed a police report accusing him of threatening and intimidating her. [R. 1-1 at 7.] Ms. Avis admitted, under oath, on May 3, 2010, that she had provided false information which led to Mr. Avis's arrest. *Id*. at 8. She then entered a guilty plea for filing a false report. *Id*.

These facts led Mr. Avis to file his CR 60.02 motion in 2014 as well as this petition in 2018. He does not object to Judge Atkins's determination that his petition is untimely, only that his actual innocence provides an exception to the statute of limitations. [R. 19 at 1.] Unfortunately, this is not the case. Claims of actual innocence permit the Court to review the merits of otherwise defaulted, successive, or abusive habeas claims. *Ross v. Berghuis*, 417 F.3d 556 (6th Cir. 2005). "Actual innocence" is not itself a claim for relief, but rather an avenue by which a court may consider an otherwise-barred petition. *Id*. However, in order to demonstrate actual innocence and permit the Court to review the otherwise-barred petition, the petitioner must demonstrate "new reliable evidence" which would prove that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Mr. Avis is required to provide new evidence. *Ross*, 417 F.3d at 556. However, he presents evidence that was available to him *at the time of his sentencing*. [R. 1-1 at 7–8.] "[I]f a prisoner purposefully or by inadvertence lets the time run under which he could have filed his

4

petition, he cannot file a petition beyond the statutory time, even if he claims 'actual innocence.'" *Workman v. Bell*, 227 F.3d 331, 342 (6th Cir. 2000). The evidence presented by Mr. Avis is not new and was in his possession during the final proceedings of his conviction and throughout the statutory period of limitations by which to challenge that conviction. Whether purposefully or inadvertently, he failed to file a petition within that time limit. To qualify for this "rare and extraordinary" exception to the AEDPA statute of limitations, *see Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005), Mr. Avis must bring forth reliable new evidence, and he unfortunately has failed to do so.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's thorough analysis of Mr. Avis's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . .." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of

appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Petitioner Jason Avis's Objections to the Magistrate Judge's Report and Recommendation [**R. 19**] are **OVERRULED**;

2. The Magistrate's Report and Recommendation [**R. 18**] as to Petitioner Jason Avis is **ADOPTED** as and for the opinion of the court;

3. Petitioner Jason Avis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [**R. 1**] is **DENIED**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

5. **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 29th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge